IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LATANYA THOMAS, | ) | Case No. 8:12cv412 |
| LATANYA THOMAS, | ) | |
| PERSONAL REPRESENTATIVE | ) | |
| OF THE ESTATE OF | ) | |
| TYLER THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | AT LAW |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| PERU STATE COLLEGE, | ) | |
| THE CITY OF AUBURN, | ) | |
| NEMAHA COUNTY, | ) | |
| NEBRASKA STATE COLLEGE | ) | |
| BOARD MEMBERS, | ) | |
| NEBRASKA BOARD | ) | |
| OF REGENTS, | ) | |
| UNIVERSITY OF NEBRASKA, | ) | |
| JOSHUA KEADLE, | ) | |
| JOHN DOES, 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

COME NOW, the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas ("Plaintiffs"), pursuant to Neb. Rev. Stat. § 25-804 §30-809 §13-901 and § 81-8,213 and hereby files this Complaint against the State of Nebraska, Peru State College, The City of Auburn, Nemaha County, Nebraska State College Board Members, Nebraska Board of

1

Regents, University of Nebraska and Joshua Keadle ("Defendants").

For their causes of action against the Defendants Plaintiffs allege and state as follows:

> That the Plaintiff has complied with Neb. Rev. Stat. §13-901 and § 81-8,212 and the state has not notified Plaintiff of any action.

1. At all times material hereto, the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas were residents of Omaha, Douglas County, Nebraska. LaTanya Thomas is the biological mother and Kevin Semans is the biological father of Tyler Thomas. Tyler Thomas was a student enrolled at the Peru State College in Auburn, Nemaha County Nebraska at all times material hereto but a resident of Douglas County, Nebraska.

2. Defendant State of Nebraska is a political entity. Defendant Peru State College is a college within the Nebraska college system. Defendant the City of Auburn is a political subdivision in Nebraska. Defendant Nemaha County is a political subdivision in Nebraska. Defendant State College Board Members are part of the Nebraska

2

college system. Defendant University of Nebraska and Nebraska Board of Regents are part of the University system. At all times material hereto, Defendant Joshua Keadle ("Keadle") was a student enrolled at Peru State College.

3. On or about December 3, 2010, the hereinafter described incident occurred on the premises of Peru State College, in the City of Auburn and in Nemaha County, Nebraska.

4. On December 3, 2010, the events at issue in this case transpired primarily, but not exclusively, in and around the Peru State College campus, the City of Auburn and Nemaha County, Nebraska. Venue is proper in Auburn, Nemaha County, Nebraska.

## CASE SUMMARY

5. Upon information and belief, on December 3, 2010, Tyler Thomas was the victim of an assault, abduction and killed as a student while attending Peru State College campus as a result of the negligence of the Defendants and or any employees while acting within the scope of his or her office or employment.

3

6. The last known person who was seen with Tyler Thomas was Peru State College student Keadle.

7. LaTanya Thomas is the mother and Kevin Semans is the father of Tyler Thomas. Latanya Thomas and Kevin Semans know that Tyler Thomas is dead because she would have contacted her parents or friends.

8. Defendant Peru State College assigned Keadle, who was an older male student, to the same floor and a few doors away from freshmen Tyler Thomas in the housing unit.

9. Defendant Peru State College admitted Keadle as a student when they knew that Keadle had criminal propensities, a criminal background and had trouble prior to their admission of Keadle to the college and his assignment to the housing unit.

10. Defendant the City of Auburn and the County of Nemaha and all employees were aware of the criminal activities and the criminal propensity of Keadle prior to the attack on Tyler Thomas but failed to take appropriate steps to prevent the attack by Keadle on Tyler Thomas.

11. All defendants, which include but is not limited to

4

defendants the City of Auburn, Nemaha County and Peru State College, through their employees and agents had information and evidence that Keadle's attack and the killing of Tyler Thomas was foreseeable based upon his conduct while a student, his propensities for criminal behavior and his troubled background.

12. Defendant Keadle with or without unknown John does abducted and killed Tyler Thomas on or about December 3, 2010. Tyler Thomas fought back and attempted to protect herself during the attack by Keadle and possibly other unknown John Doe assailants.

13. On December 20, 2011 Keadle was pled guilty to sexual assault of a minor first degree which is a class II felony in case number CR11-98 in the Dodge County District Court, Fremont, Nebraska.

14. The body of Tyler Thomas has not been found after her death on December 3, 2010.

15. The sole and proximate cause of the death of Tyler Thomas, the injuries and damages suffered by the Plaintiffs and the incident heretofore described was due to the negligence of the Defendants. Defendants were negligent in one or more

5

of the following particulars:

16. In failing to protect all of the constitutional rights of the Plaintiff's daughter Tyler Thomas, which include but are not limited to, a violation of 42 USC Section 1983 by failing to protect Tyler Thomas based upon her race and sex and allowing Keadle to kill and abduct Tyler Thomas by allowing Keadle to enroll in Peru State College and renting a dormitory room to him when a background check would have excluded Keadle from the University.

17. In failing to protect Plaintiff's daughter Tyler Thomas from persons on its campus when the Defendants knew, or in the exercise of reasonable care should have known, that the Plaintiff's daughter Tyler Thomas could be physically attacked by Keadle.

18. In failing to protect Plaintiff's daughter Tyler Thomas from Defendant Keadle when it was foreseeable that the Plaintiff's daughter Tyler Thomas could be physically attacked by Keadle.

19. In failing to take reasonable security measures for the protection of Plaintiff's daughter Tyler Thomas and other students and/or invitees to the campus area where Plaintiff's daughter Tyler Thomas was physically attacked, including

6

the failure to employ and/or train security personnel to adequately and timely respond to criminal attacks on the campus.

20. In failing to establish or implement adequate safety measures for the protection of Tyler Thomas and others from careless or criminal conduct on the campus and the surrounding areas in the City and the County.

21. In failing to protect Plaintiffs from persons on its campus when the Defendant knew, or in the exercise of reasonable care should have known, that the Plaintiff Tyler Thomas could be physically attacked by such persons.

22. In failing to separate young female students such as Plaintiff Tyler Thomas from older male students with a troubled past and criminal background such as Defendant Keadle in the dormitory housing units.

23. In failing to establish or implement adequate safety measures for the protection of the Plaintiff's daughter Tyler Thomas and others from careless or criminal conduct on the Peru State College Campus.

24. In failing to adequately investigate the background of Keadle and to discharge him or prevent him from entering Peru College System as a student knowing he posed a

7

danger to other female students on campus.

25. The Defendants owed a duty to Tyler Thomas to take reasonable steps to protect Tyler Thomas, against acts of violence on its campus and violence based on any harm which resulted from her attendance at Peru State College.

26. In negligently failing to prevent the killing of Tyler Thomas and the personal injury and death to Tyler Thomas caused by the negligent or wrongful act or omission of the State of Nebraska, Peru State College, any employee of the state or Peru State College while acting within the scope of his or her office or employment, under circumstances in which the state, if a private person, would be liable for such damage, loss, personal injury, and death.

As a direct and proximate result of the negligence of Defendants, Plaintiff sustained severe and permanent personal injuries and Tyler Thomas, their daughter was killed.

27. By reason of Plaintiff's injuries, Plaintiff has incurred the following expenses:

| DEBT | AMOUNT |
|---|---|
| Student loan Tyler Thomas | $1,640.00 |

### FIRST CAUSE OF ACTION

28. Plaintiff incorporates the preceding paragraphs of her Complaint as if expressly set forth herein.

29. That the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas for the benefit to the heirs and next of kin, for their cause of action against the Defendants, alleges:

30. That the heirs and next of kin have been monetarily damaged by reason of the deprivation of services reasonably expected to have been rendered by the decedent Tyler Thomas.

31. That the negligence of the Defendants was the direct and proximate cause of the injuries and death of decedent Tyler Thomas.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for all damages as allowed by law.

### SECOND CAUSE OF ACTION

32. Plaintiff incorporates the preceding paragraphs of her

Complaint as if expressly set forth herein.

33. That the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas for the benefit to the heirs and next of kin, for her cause of action against the Defendant, alleges:

34. That Plaintiff has been deprived of the services, care, comfort, companionship and maintenance of Tyler Thomas and is entitled to damages therefore.

35. That the negligence of the Defendant was the direct and proximate cause of the injuries and death of decedent, Tyler Thomas.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for all damages as allowed by law.

## THIRD CAUSE OF ACTION

36. Plaintiff incorporates the preceding paragraphs of her Complaint as if expressly set forth herein.

37. That the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas for the benefit to the heirs and next of kin, for her cause of action against the Defendant, alleges:

38. That Plaintiffs, by reason of the Defendant's negligence, has been compelled to pay for student loans in the amount of $1,640.00 and is entitled to damages

39. That the negligence of the Defendant was the direct and proximate cause of the injuries and death of decedent Tyler Thomas.

40. WHEREFORE, the Plaintiff prays for judgment against the Defendant for general and special damages and all damages as allowed by law.

### FOURTH CAUSE OF ACTION

41. Plaintiff incorporates the preceding paragraphs of her Complaint as if expressly set forth herein.

42. That the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas for the benefit to the heirs and next of kin, for her cause of action against the Defendant, alleges:

43. That Plaintiffs suffer and continue to suffer severe emotional distress, severe mental anguish and physical pain and suffering as a result of the death of Tyler Thomas.

44. That the negligence of the Defendants was the direct and

11

proximate cause of the injuries and death of decedent Tyler Thomas.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for all damages as allowed by law.

### FIFTH CAUSE OF ACTION

45. Plaintiff incorporates the preceding paragraphs of her Complaint as if expressly set forth herein.

46. That the Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler Thomas for the benefit to the heirs and next of kin, for her cause of action against the Defendant, alleges:

47. That Plaintiff's decedent suffered from severe mental anguish and physical pain and suffering from the time of the assualt until her death on December 3, 2010.

48. That the negligence of the Defendant was the direct and proximate cause of the injuries, pain and suffering and death of decedent Ty Thomas.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for all damages as allowed by law.

49. WHEREFORE, Plaintiffs LaTanya Thomas and Latanya Thomas Personal Representative of the Estate of Tyler

12

Thomas deceased prays for a judgment against the Defendant, in an amount representing the value of the services, comfort and companionship Tyler Thomas would have contributed to her next of kin had her wrongful death not occurred, together with the general and special damages and Plaintiff's costs incurred herein, and compensation for her injuries, pain and suffering and wrongful death which are proximately caused by the Defendant's negligence and damages for past and future pain and suffering, damages for past and future disability, attorney fees as allowed by law, the costs of this action, interest as allowed by law, and any other relief which the court deems equitable and for such other damages which is reasonable in the premises. Plaintiffs demand a jury trial.

DATED this 3rd day of December, 2012.

> Respectfully Submitted, Plaintiffs
> LaTanya Thomas and Latanya
> Thomas Personal Representative of
> the Estate of Ty Thomas, Plaintiff,
> By: _____
> Timothy L. Ashford, #19687
> Terri L. Crawford, #22096
> Empire State Building
> 300 South 19th Street, Suite 316
> Omaha, Nebraska 68102
> (402) 342-8888
> Attorney for Plaintiff

13