IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATANYA THOMAS, SPECIAL ADMINISTRATOR OF THE ESTATE OF TYLER THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES and JOSHUA KEADLE,<br><br>Defendants. | CASE NO. 8:12-cv-412<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

COMES NOW defendant, Board of Trustees of the Nebraska State Colleges, by and through its attorneys, and for its Answer to the Third Amended Complaint filed herein, states as follows:

1. Defendant admits the allegations pled in paragraph 1.

2. Defendant denies the allegations pled in in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 3 and, therefore, denies the same.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 4 and, therefore, denies the same.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 5 and, therefore, denies the same.

6. Defendant admits Tyler Thomas was a student at Peru State College, a Nebraska State institution. Defendant denies the remaining allegations as pled in paragraph 6.

7. Defendant neither admits nor denies the allegations pled in paragraph 7 concerning 20 U.S.C. § 1681, as said federal statute speaks for itself. Defendant denies the remaining allegations pled in paragraph 7.

8. Defendant neither admits nor denies the allegations regarding the content of the Federal Act and Federal Regulations identified in paragraph 8, as said Federal Act

and Regulations speak for themselves. Defendant denies the remaining allegations pled in paragraph 8.

9. Defendant neither admits nor denies the alleged definition of "sexual violence," as said term is defined by state and/or federal law.

10. Defendant admits the allegations pled in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 11 and, therefore, denies the same.

12. Defendant neither admits nor denies the allegations regarding the content of any document issued by the United States Department of Education, as the contents of said documents speak for themselves. Defendant denies the remaining allegations pled in paragraph 12.

13. Defendant neither admits nor denies the allegations regarding the content of any document issued by the United States Department of Education, as the contents of said documents speak for themselves. Defendant denies the remaining allegations pled in paragraph 13.

14. Defendant denies the allegations pled in paragraph 14.

15. Defendant denies the allegations pled in paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 16 and, therefore, denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 17 and, therefore, denies the same.

## FIRST THEORY OF RECOVERY
## FIRST CAUSE OF ACTION
## (TITLE IX)

18. Defendant repeats and realleges each and every allegation of each and every paragraph of its Answer and separate defenses as set forth fully herein.

19. Defendant admits Tyler Thomas was a 19-year old female and that females are considered a protected class under certain Federal and State laws, statutes or Regulations. Defendant denies the remaining allegations pled in paragraph

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 20 and, therefore, denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 21 and, therefore, denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 22 and, therefore, denies the same.

23. Defendant denies the allegations pled in paragraph 23.

24. Defendant denies the allegations pled in paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 25 and, therefore, denies the same.

26. Defendant denies the allegations as pled in paragraph 26.

27. Defendant denies the allegations as pled in paragraph 27.

28. Defendant denies the allegations as pled in paragraph 28.

29. Defendant denies the allegations as pled in paragraph 29.

30. Defendant denies the allegations as pled in paragraph 30.

31. Defendant denies the allegations as pled in paragraph 31.

32. Defendant denies the allegations as pled in paragraph 32.

33. Admits Keadle was not allowed to be a volunteer assistant with the Penn State College women's basketball team, and he was allowed to live in a co-ed dorm, but denies the remaining allegation pled in paragraph 33.

34. Denies the allegations as pled in paragraph 34.

35. Denies the allegations as pled in paragraph 35.

36. Denies the allegations as pled in paragraph 36.

37. Denies the allegations as pled in paragraph 37.

38. Denies the allegations as pled in paragraph 38.

39. Denies the allegations as pled in paragraph 39.

40. Denies the allegations as pled in paragraph 40.

41. Denies the allegations as pled in paragraph 41.

42. Denies the allegations as pled in paragraph 42.

43. Denies the allegations as pled in paragraph 43.

44. Denies the allegations as pled in paragraph 44.

45. Denies the allegation of paragraph 45.

46. Denies the allegation of paragraph 46.

47. Denies the allegation of paragraph 47.

48. Defendant denies the allegations pled in paragraph 48.

49. Defendant denies that it acted with deliberate indifference towards the rights of female students, or that any acts by it exposed students to risk. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations pled in paragraph 49 and, therefore, denies the same.

50. Defendant denies the allegations pled in paragraph 50.

51. Defendant denies the allegations pled in paragraph 51.

52. Defendant does not admit or deny the allegations regarding the content of Title IX, as the Federal Act speaks for itself. Defendant denies it failed to comply with the terms of Title IX. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations pled in paragraph 52 and, therefore, denies the same.

53. Defendant admits Peru State College is an educational institution which has a student population of approximately 2,500 students. Defendant denies the remaining allegations pled in paragraph 53.

54. Defendant denies the allegations pled in paragraph 54.

55. Defendant denies the allegations pled in paragraph 55.

56. Defendant denies the allegations pled in paragraph 56.

57. Defendant denies the allegations pled in paragraph 57.

58. Defendant denies the allegations pled in paragraph 58.

59. Defendant denies the allegations pled in paragraph 59.

60. Defendant denies the allegations pled in paragraph 60.

61. Defendant denies it failed to comply with any duties it may have under Title IX. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations pled in paragraph 61 and, therefore, denies the same.

62. Defendant denies the allegations pled in paragraph 62.

63. Defendant denies the allegations pled in paragraph 63.

64. Defendant denies the allegations pled in paragraph 64.

65. Defendant denies the allegations pled in paragraph 65.

66. Defendant denies the allegations pled in paragraph 66.

67. Defendant denies the allegations pled in paragraph 67.

68. Defendant denies the allegations pled in paragraph 68.

69. Defendant denies the allegations pled in paragraph 69.

70. Defendant denies the allegations pled in paragraph 70.

71. Defendant denies the allegations pled in paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 72 and, therefore, denies the same.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 73 and, therefore, denies the same.

Defendant denies plaintiff is entitled to the relief requested under the WHEREFORE clause following paragraph 73 of the Third Amended Complaint.

## SECOND CAUSE OF ACTION

## (TITLE IX)

74. Defendant repeats and realleges each and every allegation of each and every paragraph of its Answer and separate defenses as if set forth fully herein at length.

75. Defendant denies the allegations pled in paragraph 75.

Defendant denies plaintiff is entitled to the relief requested under the WHEREFORE clause following paragraph 75 of the Third Amended Complaint.

## THIRD CAUSE OF ACTION

## (Against Defendant Joshua Keadle)

76. Defendant repeats and realleges each and every allegation of each and every paragraph of its Answer and separate defenses as if set forth fully herein at length.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 77 and, therefore, denies the same.

78. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 78 and, therefore, denies the same.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 79 and, therefore, denies the same.

Defendant lacks knowledge or information sufficient to form a belief as to whether plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 79 of the Third Amended Complaint and, therefore, denies the same.

## FOURTH CAUSE OF ACTION

### (Against Defendant Joshua Keadle)

80. Defendant repeats and realleges each and every allegation of each and every paragraph of its Answer and separate defenses as if set forth fully herein at length.

81. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 81 and, therefore, denies the same.

Defendant lacks knowledge or information sufficient to form a belief as to whether plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 81 of the Third Amended Complaint and, therefore, denies the same.

82. Defendant denies each and every allegation of plaintiff's Third Amended Complaint unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in plaintiff's Third Amended Complaint, and without waiving any denials of fact or liability set forth above, defendant hereby sets forth the following Affirmative Defenses:

1. Plaintiff's Third Amended Complaint and each claim for relief alleged therein fails to state a claim upon which relief may be granted against this defendant.

2. Plaintiff's Third Amended Complaint and each claim for relief alleged therein, fails to set forth facts which give rise to a claim against this defendant.

3. Plaintiff's claims as set forth in the Third Amended Complaint are barred by the applicable statute of limitations.

4. The named plaintiff herein lacks standing to assert the claims set forth in plaintiff's Third Amended Complaint.

5. The allegations set forth in the Third Amended Complaint are barred in whole or in part against this defendant by virtue of the Doctrine of Absolute Immunity.

6. The allegations set forth in the Third Amended Complaint are barred in whole or in part against this defendant by virtue of the Doctrine of Qualified Immunity.

DATED this 28th day of April, 2014.

BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, Defendant.

By: s/ Michael K. Huffer
Michael K. Huffer – 18087
Ronald F. Krause – 15980
Patrick B. Donahue – 11047
Cassem, Tierney, Adams,
  Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, Nebraska 68114-3320
(402) 390-0300 Phone
(402) 390-9676 Facsimile
mhuffer@ctagd.com
rkrause@ctagd.com
pdonahue@ctagd.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy L. Ashford
P.O. Box 386
Omaha, Nebraska 68101
tash178346@aol.com

Vincent M. Powers
Elizabeth A. Govaerts
Kathleen M. Neary
411 South 13th Street, Suite 300
Lincoln, Nebraska 68508
vince@vpowerslaw.com
elizabeth@vpowerslaw.com
kathleen@vpowerslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Joshua Keadle #75650
Lincoln Correctional Center
3216 West Van Dorn
P.O. Box 22800
Lincoln, NE  68542-2800

                                  <u>s/ Michael K. Huffer                          </u>