IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATANYA THOMAS,<br>PERSONAL REPRESENTATIVE OF THE<br>ESTATE OF TYLER THOMAS,<br><br>      Plaintiff,<br><br>v.<br><br><br><br>BOARD OF TRUSTEES OF<br>THE NEBRASKA STATE COLLEGES<br>AND JOSHUA KEADLE,<br><br>      Defendants. | CASE NO. 8:12CV412<br><br><br><br>PROTECTIVE ORDER |

    This matter came before the Court on the Motion of defendant Board of Trustees of the Nebraska State Colleges, said Motion being consented to by counsel for plaintiffs, for a Protective Order regarding information and documents to be produced herein. Defendant Board's Motion sought a Protective Order prohibiting production of information and documents listed in defendant Board's Attorney-Client Privilege Log which was previously served on counsel for plaintiffs, and governing disclosure and use of information and documents which have been or will be produced by the parties in connection with this litigation, including, but not limited to, information and materials to be produced in its initial Rule 26(a) Disclosures, in subsequent responses to Interrogatories and Requests for Production, documents containing attorney-client communications, information and documents the disclosure of which would be prohibited by or limited by the Family Educational Rights and Privacy Act ("FERPA"), U.S.C. § 1232g; 34 C.F.R. Part 99, and information and documents some or all of which might be considered confidential, private or proprietary by the parties and/or by third persons.

    The Court being fully advised in the premises and of the consent of counsel for plaintiffs finds generally that the parties and/or others should be protected against public

disclosure of such materials and information except insofar as these materials might be strictly relevant to these proceedings, and therefore sustains defendant's Motion.

More particularly, IT IS THEREFORE HEREBY ORDERED:

1. This Order will preclude production of information and documents listed in defendant Board's Attorney-Client Privilege Log which was previously served on counsel for plaintiffs. Should plaintiffs wish to challenge the privileged nature of any of the documents listed on the Privilege Log, they may raise them subsequently by way of Motion.

Beyond those materials noted in paragraph 1, the Court orders that the additional information and documents required to be produced by Rule 24(a) or as subsequently requested in discovery be produced subject to the further provisions of this Order or subsequent Orders of the Court.

2. As noted above, information and documents produced or which will be produced by the parties contain information, some or all of which may be considered confidential, private or proprietary by the parties and/or third persons. To avoid unnecessary expenditure of time by the Court and counsel for the parties in attempting to make a case-by-case determination as to which of these documents contain confidential, private and/or propriety information, all of those marked "Confidential" as provided in paragraph 3 below shall be treated for purposes of this litigation as confidential materials and shall not be utilized by any person involved in the above-entitled litigation, or by others to whom such documents and/or information may be disclosed pursuant to the terms of this Order, except in connection with the preparation for trial and trial of this action and solely in accordance with the provisions of this Order appearing hereinafter.

3. The parties may designate any confidential information or documents produced or filed in this lawsuit as confidential and subject to the terms of this Order by marking such material "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material.

4. The confidential documents and information shall not be communicated to or disclosed in any manner either directly or indirectly to anyone other than:

a) The attorneys of records and persons employed by them;

b) The parties or representatives of the parties who are either currently employed by them or who were previously employed by them and who are involved in this litigation;

c) Outside experts who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order by placing their initials on the last page of a copy of this Order;

d) Deponents during the course of depositions as is necessary in the view of counsel to the examination of the deponents, but copies of the confidential documents and information are not to be left with said deponents at the conclusion of said deposition;

e) Such other persons whom the Court may specifically approve after notice and hearing.

5. Those individuals afforded access to the confidential information and documents shall hold such information in the strictest confidence and shall not divulge any of the information, either verbally or in writing, to any other person, entity or agency, except during deposition or trial testimony, unless authorized by the other party, or by written Order of the Court. Those portions of testimony and transcripts produced or created either through deposition, trial or other means during the course of this litigation that contain confidential information, this material shall be subject to this same Protective Order.

6. Before trial, counsel for the parties shall agree on the appropriate means to protect the confidential information that counsel may desire to present at trial. If counsel cannot reach a mutual agreement, they shall apply to the Court for resolution of the issue.

7. Inadvertent failure to designate any information or documentation "Confidential," shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as the claim of confidentiality is asserted within fifteen 15 days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the information and documents "Confidential" in accordance with this Order. This will also apply to transcripts or portions of transcripts

produced or created either through deposition, trial or other means during the course of this litigation.

8. At the conclusion of this action, all information and documents designated "Confidential," including any photocopies, extracts or summaries thereof, discs, zip drives or other compilations of the same shall be returned to counsel for the appropriate party by all persons to whom they have been furnished, and the Confidential information and documents and photocopies, discs and zip drives shall be delivered within three (3) months to the parties producing them, and any extracts or summaries thereof shall be retained by counsel per their respective parties.

9. The terms of this Order shall remain in full force and effect until further Order of the Court and shall be binding upon the parties to this action, their agents, successors and assigns, and all parties and other individuals to whom such Confidential materials are disclosed, by virtue of their signature upon a copy of this Order, signify their agreement the Court will retain jurisdiction even after this action has been resolved to enforce and modify this Order.

Dated this 27th day of May, 2014.

BY THE COURT:

*s/Cheryl R. Zwart*
United States District Judge

Proposed Order Submitted By:

Ronald F. Krause - 15980
Patrick B. Donahue – 11047
Michael K. Huffer - 18087
Cassem, Tierney, Adams,
  Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, Nebraska  68114-3320
(402) 390-0300 Phone
(402) 390-9676 Facsimile
rkrause@ctagd.com
pdonahue@ctagd.com
mhuffer@ctagd.com
Attorneys for Defendant Board